THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>　　　Plaintiff,<br>v.<br>DAVID E. JONES, JR.,<br>　　　Defendant. | :<br>:<br>:<br>:<br>: | Case No. 3:08-cr-69 (1)<br><br>Judge Walter H. Rice |

ORDER OVERRULING MOTION FOR COMPASSIONATE RELEASE OF
DEFENDANT DAVID E. JONES, JR. (DOC. #98) AS MOOT GIVEN
DEFENDANT IS NO LONGER INCARCERATED

Before the Court is the Motion for Compassionate Release of Defendant David E. Jones, Jr. (Doc. #98). On October 28, 2008, Defendant was sentenced to ninety-six months imprisonment after pleading guilty to two counts from the Indictment. (Judgment, Doc. #49, citing Indictment, Doc. #3). On September 27, 2018, the Court revoked Jones's supervised release and imposed a new term of thirty-six months imprisonment, to be served consecutively to a sentence imposed in *United States v. Jones*, Case No. 3:17-cr-161 (2). (Decision and Entry, Doc. #89). On October 22, 2020, Defendant filed the Motion under 18 U.S.C. § 3582(c)(1)(A), as amended by the Formerly Incarcerated Reenter Society Transformed Safely Transitioning Every Person Act ("First Step") Act of 2018, Pub. L. 115-391, 132 Stat. 5194.

While the Motion was pending, Defendant was released on May 15, 2023.[1] A case becomes moot if "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1984) (citation omitted). A motion for compassionate release seeks relief not from the judgment *in toto*, but from the confinement imposed as part of the judgment. "When a prisoner is released from custody, the motion for compassionate release becomes moot because there is no further relief this Court can provide[,]" *United States v. Sanchez*, No. 16-cr-2077, 2021 WL 5999764, *1 (S.D. Cal. Dec. 17, 2021) (collecting cases), and there is no longer a "live" and redressable issue pending before the Court. *See, e.g., United States v. Hernandez*, 845 F. App'x 921, 921 (11th Cir. 2021) (*per curiam*) ("Completion of a prison term moots a challenge to the term of confinement.").

As (Defendant) has completed his term of confinement, his Motion no longer presents a live case or controversy, and the Court is without jurisdiction to hear it. U.S. Const. art. III § 2. Accordingly, the Motion is OVERRULED AS MOOT.[2]

---

[1] https://www.bop.gov/mobile/find_inmate/index.jsp#inmate_results (last accessed Jun. 24, 2024).

[2] Also, the Court, having considered the factors for granting compassionate release set forth in *United States v. Tomes*, 990 F.3d 500, 502 (6th Cir. 2021), concludes that Defendant was a danger to the community at the time of the Motion, specifically due to his history of drug trafficking even while on supervised release. (Memo. in Opp., Doc. #99, PAGEID 285). Thus, he would not have been eligible for release while he was incarcerated. *See, e.g., Tomes*, 990 F.3d at 504 ("[I]t was not an abuse of discretion for the court to find that an armed felon involved in a complex drug distribution scheme might still pose a danger to the public[.]").

3

The captioned case remains terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

IT IS SO ORDERED.

June 25, 2024

*(signature)*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT